IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA

v.                                                     No. 3:22-cr- **110**

TRE'SHAWN N. BROOKS,

Defendant.

## STATEMENT OF FACTS

The United States and the defendant, TRE'SHAWN N. BROOKS (hereinafter, "the defendant"), stipulate that the allegations contained in the Criminal Information and the following facts are true and correct, and that had this matter gone to trial, the United States would have proven each of them beyond a reasonable doubt.

1.      At all times relevant to the Criminal Information, BROOKS has been a resident of Richmond, Virginia, within the Eastern District of Virginia.

2.      Beginning in or about January 2021, and continuing through in or about June 2021, the exact dates being unknown to the Grand Jury, in the Eastern District of Virginia and elsewhere, defendant TRE'SHAWN N. BROOKS and others, known and unknown to the Grand Jury, did unlawfully and knowingly combine, conspire, and agree with each other to commit an offense against the United States, that is: to unlawfully and knowingly make false and fictitious written statements to licensed firearms dealers within the meaning of Chapter 44, Title 18, United States Code (also known as "federal firearms licensees") in connection with the acquisition of firearms, with such statements intended to and likely to deceive the federal firearm licensees as to a fact material to the lawfulness of the sale of such firearms, in violation of Title 18, United States Code, Section 922(a)(6).

1

3.     The object of the conspiracy was to evade federal firearms laws and regulatory regimes governing the sale of firearm.   The ways, manner, and means by which BROOKS and members of the conspiracy accomplished the conspiracy included the following:

4.     It was part of the conspiracy that members of the conspiracy asked BROOKS to purchase firearms from federal firearm licensees on their behalf.

5.     It was further part of the conspiracy that BROOKS and other members of the conspiracy agreed upon sale prices for firearms that would be purchased at federal firearm licensees.

6.     It was further part of the conspiracy that members of the conspiracy specified to BROOKS what firearms to purchase at federal firearm licensees.

7.     It was further part of the conspiracy that BROOKS signed false certifications and provided materially false information in Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Forms 4473 (Firearms Transaction Records) during the purchase of firearms from federal firearm licensees.

8.     It was further part of the conspiracy that BROOKS gave firearms purchased from federal firearm licensees to other members of the conspiracy who were not the designated buyers of the firearms as listed on the ATF Forms 4473.   Such co-conspirators paid BROOKS for the firearms.

9.     Between on or about January 20, 2021 and July 21, 2021, BROOKS participated in a conspiracy to purchase firearms on behalf of at least co-conspirators ("CC")-1, CC-2, CC-3, and CC-4 in exchange for money.

10.     On or about January 20, 2021, CC-1 asked BROOKS whether he would purchase a firearm for CC-1 when BROOKS got off work.   BROOKS agreed and admonished CC-1 via

text message that he "cant b hot" with the gun BROOKS would purchase.   When CC-1 stated

that he was not "hot" with his guns, BROOKS replied in a text message, "Idk [I don't care] what

u do w yo guns . . . Ik [I know] im hot w mine."

      11.     In the same text message conversation on January 20, 2021, BROOKS clarified

he was not going to put a gun "in my name for nobody for free" but that he was not going to

"make [CC-1] pay full price either."   BROOKS and CC-1 agreed on a price for the gun.

      12.     The next day, on January 21, 2021, CC-1 told BROOKS via text message, "Ik [I

know] exactly what I want. . . They got my John wick gun in my favorite color."

      13.     Thereafter, on January 21, 2021, BROOKS purchased a Walther Model Q5 Match

9 mm caliber pistol, bearing serial number FCY2072, from Southern Police Equipment, a federal

firearm licensee, in the Eastern District of Virginia.   To receive the weapon, BROOKS

completed an ATF Form 4473 in which he answered "Yes" to the question:

> "Are you the actual transferee/buyer of the firearm(s) listed on this form and any
> continuation sheet(s) (ATF Form 5300.9A)?   Warning: You are not the actual
> transferee/buyer if you are acquiring the firearm(s) on behalf of another person.   If you
> are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you."

      14.     Moreover, in this same ATF Form 4473, BROOKS signed a certification that his

answer to the aforementioned question was "true, correct, and complete. . .[and that] I

understand that answering 'yes' to [the above question] if I am not the actual transferee/buyer is

a crime punishable as a felony under Federal law, and may also violate State and/or local law."

      15.     After completing the paperwork and purchase of the Walther, Model Q5 Match, 9

mm caliber pistol, bearing serial number FCY2072, BROOKS provided the pistol to CC-1.

      16.     On or about April 9, 2021, BROOKS purchased a Glock, Model 17, 9mm caliber

pistol, bearing the serial number BTBB209, from Town Police Supply, a federal firearm

licensee, in the Eastern District of Virginia.   To receive the weapon, BROOKS completed an

ATF Form 4473 in which he answered "Yes" to the question:

> "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person.   If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you."**

17.   Moreover, in this same ATF Form 4473, BROOKS signed a certification that his

answer to the aforementioned question was "true, correct, and complete. . .[and that] I

understand that answering 'yes' to [the above question] if I am not the actual transferee/buyer is

a crime punishable as a felony under Federal law, and may also violate State and/or local law."

18.   The firearm was recovered by the Richmond Police Department on May 7, 2021

in the possession, custody, or control of CC-3 and 4 during the execution of a search warrant in a

homicide investigation.

19.   Thereafter, on June 27, 2021, BROOKS purchased a Pioneer Arms Hellpup

7.62x39 caliber pistol, bearing serial number PAC1151404, from LMG (Gun Show), a federal

firearm licensee, in the Eastern District of Virginia.   To receive the weapon, BROOKS

completed an ATF Form 4473 in which he answered "Yes" to the question:

> "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?   **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person.   If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you."**

20.   Moreover, in this same ATF Form 4473, BROOKS signed a certification that his

answer to the aforementioned question was "true, correct, and complete. . .[and that] I

understand that answering 'yes' to [the above question] if I am not the actual transferee/buyer is

a crime punishable as a felony under Federal law, and may also violate State and/or local law."

4

21.     After completing the paperwork and purchase of the Pioneer Arms Hellpup 7.62x39 caliber pistol, bearing serial number PAC1151404, BROOKS provided the pistol to CC-1.

22.     In or about June 2021, CC-2 and BROOKS agreed that BROOKS would purchase a firearm on CC-2's behalf.   CC-2 was a minor-aged individual at the time and was not eligible to purchase a firearm from a federal firearm licensee.

23.     On June 27, 2021, CC-2 designated for BROOKS several pistols via text message: a Smith & Wesson, a Taurus, and a 9 mm Glock.   Within an hour of CC-2 sending these designations to BROOKS via text message, BROOKS confirmed that he had procured a Taurus, Model G2C, 9 mm pistol, (*i.e.*, a "G2") for CC-2.   BROOKS then confirmed the price of the firearm with CC-2.   Thereafter, CC-2 inquired via text message whether the money that he had provided BROOKS was sufficient for BROOKS to also purchase ammunition for the gun: "I got some bread left for ammo?"   BROOKS responded by providing an accounting of the amount of money BROOKS had on CC-2's behalf after the purchase of the pistol.   BROOKS agreed to purchase ammunition for CC-2.

24.     On June 27, 2021, BROOKS purchased a Taurus, Model G2C, 9 mm caliber pistol ,bearing serial number ACD798500, from iShootFirearms, a federal firearm licensee, in the Eastern District of Virginia.   To receive the weapon, BROOKS completed an ATF Form 4473 in which he answered "Yes" to the question:

> "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person.   If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.**"

5

25.     Moreover, in this same ATF Form 4473, BROOKS signed a certification that his answer to the aforementioned question was "true, correct, and complete. . .[and that] I understand that answering 'yes' to [the above question] if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law."

26.     After completing the paperwork and purchase of the Taurus, Model G2C, 9 mm caliber pistol bearing serial number ACD798500, BROOKS provided the pistol to CC-2.

27.     On or about July 21, 2021, law enforcement recovered the following firearms from the possession of CC-1: 1) Walther, Model Q5 Match, 9 mm caliber pistol, bearing serial number FCY2072; and 2) a Pioneer Arms Hellpup 7.62x39 caliber pistol, bearing serial number PAC1151404.   The same day, BROOKS admitted to law enforcement that he purchased these firearms for CC-1 because CC-1 was not 21 years of age as yet.

28.     On or about July 21, 2021, law enforcement recovered the following firearm from CC-2: Taurus, Model G2C, 9 mm caliber pistol bearing serial number ACD798500.

29.     On or about July 21, 2021, BROOKS admitted that he sold the Glock, Model 17, 9mm caliber pistol, bearing the serial number BTBB209 to CC-3.

30.     This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States.   It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

31.     The actions of the defendant, as recounted above, were in all respects knowing

and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: 8/9/2022          By: _____

Avi Panth
Stephen E. Anthony
Assistant United States Attorneys

7

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, TRE'SHAWN N. BROOKS, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
TRE'SHAWN N. BROOKS

I am W. Barry Montgomery, defendant's attorney.   I have carefully reviewed the above Statement of Facts with him.   To my knowledge, his decision to stipulate to these facts is an informed and voluntary one,

_____
W. Barry Montgomery
Attorney for TRE'SHAWN N. BROOKS